IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUOZAS V., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security,[1] <br><br> Defendant. | No. 18 C 2044 <br><br> Magistrate Judge Gabriel A. Fuentes |

## MEMORANDUM OPINION AND ORDER[2]

Plaintiff Juozas V.[3] moves for reversal and remand of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance

---

[1] The Court substitutes Andrew M. Saul for his predecessor, Nancy A. Berry, as the proper defendant in this action under Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[2] On May 4, 2018, by consent of the parties and under 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to Judge Finnegan for all proceedings, including entry of final judgment. (D.E. 9.) On May 31, 2019, by executive committee order, the case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 30.)

[3] The Court in this opinion is referring to Plaintiff by his first name and first initial of his last name, thereby suppressing his last name, in compliance with Internal Operating Procedure No. 22 of this Court. IOP 22 presumably is intended to protect the privacy of plaintiffs who bring matters in this Court seeking judicial review under the Social Security Act. The Court notes that suppressing the names of litigants is an extraordinary step ordinarily reserved for protecting the identities of children, sexual assault victims, and other particularly vulnerable parties. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). Allowing a litigant to proceed anonymously "runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Id.* A party wishing to proceed anonymously "must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). Under IOP 22, both parties are absolved of making such a showing. Put to such a showing here, a party may well be able to demonstrate that suppressing the surname of the plaintiff inflicts little or no prejudice upon the government defendant, but establishing that the circumstances favoring privacy are so exceptional as to outweigh the public policy in favor of identified parties would be more challenging. In any event, the Court is abiding by IOP 22 subject to the Court's concerns as stated. The Court's understanding is that the claimants are not anonymous litigants, in that their names in all of these matters brought for judicial review under the Social Security Act are otherwise available upon a review of the public docket.

benefits ("DIB"). (D.E. 16.) The Commissioner has filed a cross-motion, asking the Court to affirm. (D.E. 24.) For the reasons set forth below, we grant Plaintiff's motion, deny the Commissioner's motion, and remand the case for further proceedings.

## I. Background

Plaintiff applied for benefits in January 2013, claiming he became disabled on June 1, 2009. (R. 97.) He has not engaged in substantial gainful activity since then. (R. 605.) The Administrative Law Judge ("ALJ") first denied Plaintiff's claim in a written opinion dated January 14, 2015. (R. 22.) The Appeals Council denied review, Plaintiff sought review in this court, and the Commissioner agreed to remand the case to the agency. (R. 1, 705–08, 710.) The Appeals Council issued a remand order, instructing the ALJ to evaluate further Plaintiff's maximum residual functional capacity ("RFC") and alleged symptoms, to "obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base," and to ensure that "hypothetical questions . . . reflect the specific capacity/limitations established by the record as a whole." (R. 717.) In addition, the Appeals Council pointed out several concerns it had with the ALJ's decision, including that it was "not clear" what evidence supported the ALJ's conclusion that Plaintiff could "carry out simple instructions of [sic] unskilled work," "perform simple decision-making," and "meet production rate pace in a shift," but was "unable to meet fast paced, high production demands." (R. 716.)

In October 2017, on remand to the ALJ, Plaintiff participated in a second administrative hearing, at which he and a vocational expert ("VE") testified (R. 621.) The ALJ presented the VE with two hypothetical questions. In the first, the ALJ asked the VE to consider an individual with Plaintiff's age, education, work experience, and the following non-physical limitations:

> the individual is able to perform simple, routine and repetitive tasks and is able to understand, remember and carry out simple instructions.

(R. 666.) The VE opined that this individual could not perform Plaintiff's past work, but could work as an office helper, information clerk, or mailroom clerk. (R. 667.) In the second hypothetical, the ALJ added the following limitations:

> the individual is able to perform simple, routine, repetitive tasks; is able to understand, remember and carry out simple instructions; the individual is able to make decisions on simple matters; the individual is unable to meet fast paced, high production demands, such as an assembly line work, but is able to meet production rate pace in a shift.

(R. 667–68.) The VE testified that "[t]he jobs I cited for hypothetical one would remain for hypothetical two." (R. 668.)

On December 19, 2017, the ALJ issued a decision again denying Plaintiff's claim for benefits. (R. 614.) The ALJ found that Plaintiff suffers from two medically severe impairments: anxiety and lumbar spine spondylosis.[4] (R. 605.) Regarding Plaintiff's mental impairment, the ALJ determined that it caused mild limitations in the areas of understanding, remembering, or applying information; interacting with others; and adapting or managing oneself. (R. 606.) In addition, the ALJ found that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace, but that none of Plaintiff's impairments, alone or in combination, amounted to a condition that met or medically equaled an impairment assumed to be disabling under the agency's listings for disability.[5] (*Id.*)

The ALJ then determined that Plaintiff had the RFC to perform light work, with some additional physical limitations, and "was able to perform simple, routine, repetitive tasks. He was

---

[4] "Spondylosis" refers to the general degeneration of the spine associated with normal wear and tear that occurs in the joints, discs, and bones of the spine as people get older. *Low Back Pain Fact Sheet*, NAT'L INST. NEUROLOGICAL DISORDERS & STROKE, https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Low-Back-Pain-Fact-Sheet (last modified May 14, 2019).

[5] To satisfy a listing, a claimant's mental impairment must cause two or more "marked limitations" or at least one "extreme limitation" in the four "Paragraph B" areas of mental functioning. *See* Listing 12.00A(2). Alternatively, a claimant may satisfy the "Paragraph C" criteria if they have a mental disorder that is "serious and persistent." *Id.*

able to understand, remember, and carry out simple instructions." (R. 607.) Based on this RFC, the ALJ found Plaintiff was unable to perform his past relevant work, but that Plaintiff retained the capacity to perform other jobs that existed in significant numbers in the national economy. Therefore, the ALJ found Plaintiff was not disabled and not entitled to DIB. (R. 613.)

## II. Discussion

Plaintiff presents several arguments for reversing and remanding the ALJ's opinion. We find that remand is necessary on one of these bases, specifically, the ALJ's failure to account adequately for Plaintiff's moderate limitations in concentration, persistence, or pace. We do not reach Plaintiff's additional arguments here.

### A. Standard of Review

If an ALJ's decision is supported by substantial evidence, the Court on judicial review must uphold that decision even if the Court might have decided the case differently in the first instance. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence exists, the Court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses. *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits," the Court must defer to the ALJ's resolution of that conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). Notwithstanding this deferential standard, an ALJ must build an "accurate and logical bridge" from the evidence to the conclusion that the claimant is not disabled in order to afford the claimant meaningful judicial review. *Craft*

*v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)).

## B. Moderate Limitations in Concentration, Persistence, or Pace

Plaintiff argues that the restrictions the ALJ included in Plaintiff's RFC—that he can perform "simple, routine, repetitive tasks" and "understand, remember, and carry out simple instructions"—failed to account for his moderate limitations in concentration, persistence, or pace. We agree.

The Seventh Circuit has repeatedly rejected the notion that confining a claimant to simple, routine tasks or unskilled, simple work, without more, adequately addresses limitations in concentration, persistence, or pace. *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019); *see also, e.g., Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014). "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). As Judge Cole has aptly explained, simple or unskilled work might easily exceed the limits of someone who has moderate limitations in concentration, persistence, or pace:

> For example, imagine an unskilled job that involves a conveyor delivering a product to a worker who must then place it in a receptacle—product after product, receptacle after receptacle, over and over, all day long. Many unskilled, simple jobs are made up of precisely this type of tedium. Those of a certain age might recall the classic Lucille Ball–Vivian Vance sketch where the two were tasked with wrapping candies coming down a conveyor at a candy factory. The job is exceedingly simple. It is repetitive, routine, and unskilled. But for one whose concentration waxes and wanes, or cannot persist or maintain a pace throughout the day, it is a daunting if not impossible occupation. This is why a limitation to unskilled, simple work does not necessarily account for a limitation in concentration. It's also why this case has to be remanded to the Commissioner for further proceedings.

*Joanne F. v. Berryhill*, 370 F. Supp. 3d 935, 941 (N.D. Ill. 2019) (citation omitted).

Here, the ALJ expressly found that Plaintiff suffered from moderate limitations in concentration, persistence, or pace. (R. 606.) Once she made that finding, she was required to account for it in formulating Plaintiff's RFC. *Crump v. Saul*, 932 F.3d 567, 570 (2019). In *Crump*, the Seventh Circuit emphasized that "[w]hen it comes to the RFC finding, . . . the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace." *Id.* (quoting *Winstead*, 923 F.3d at 477). The Seventh Circuit in *Crump* rejected as inadequate an RFC that limited the claimant to "simple, routine, repetitive tasks with few workplace changes" because it failed, by its terms, to account for the claimant's difficulties with concentration, persistence, or pace. *Id.* at 570–71.

Similar to *Crump*, the ALJ's RFC finding in this case consists only of catch-all terms that do not speak to Plaintiff's limitations in concentration, persistence, or pace. This failure to build an "accurate and logical bridge" from the evidence to the RFC requires us to remand for further proceedings. *Craft*, 539 F.3d at 677–78. On remand, the ALJ must account for Plaintiff's functional limitations in the RFC and hypotheticals put to the VE.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision (D.E. 16) is granted. We remand the case for further proceedings consistent with this opinion. The case is terminated.

ENTERED:

_____
Gabriel A. Fuentes
United States Magistrate Judge

DATED: September 10, 2019